JOHN STEVENS *v.* J. H. QUISENBERRY, ET AL.

**Bond to Replevy Judgment—Execution—Practice.**
　　Replevin bonds executed by a part only of the defendants in an execution will be quashed on motion of the obligee.

**Practice—Quashal of Bond.**
　　The question of whether a surety has been released by the acts or omissions of the plaintiff cannot be raised by an answer filed to a motion to quash a replevin bond.

APPEAL FROM CLARK CIRCUIT COURT.

March 18, 1875.

OPINION BY JUDGE COFER:

The appellant, John Stevens, having obtained a judgment at law in the Clark circuit court, against J. H. Quisenberry and his surety, James Chorn, Quisenberry and his son, J. T. Quisenberry, executed before the clerk of the court a bond replevying the judgment for three months. Before it fell due, Stevens' attorney notified the clerk that his client would not accept the bond, and directed that no execution should issue on it. At the succeeding term of the court, having given notice to that effect to J. H. Quisenberry and Chorn, Stevens moved the court to quash the bond on the ground that, as Chorn had not signed it, he was not bound to accept it.

Chorn appeared to the motion and filed a lengthy response, in which he set forth various reasons why the bond should not be quashed, the substance of which was that he was only surety for

J. H. Quisenberry, and had given notice to Stevens to sue, and that Stevens and his attorney had been guilty of such laches in not causing execution to issue on the judgment before the replevying bond was completed by the signature of the surety as released him from all further liability. The circuit court overruled the motion, and Stevens has appealed.

It has been settled by repeated decisions of this court that replevin bonds, executed by a part only of the defendants in an execution, may be quashed at the instance of the obligee. *Stevens v. Wallace,* 5 T. B. Mon. 404; *Fulkerson v. Caldwell,* 1 J. J. Marsh. 496; *Southern Bank of Kentucky v. White & McMahan,* 1 Duvall 290. The court, therefore, erred in overruling the appellant's motion, unless the right to have the bond quashed could be defeated by the matters set up in the response, and relied upon to show that Chorn had been released by the acts or omissions of Stevens or his attorney after the judgment was rendered.

The motion to quash the bond was a summary proceeding, in which no pleading was necessary on either side, the notice serving alone to point out the grounds relied upon by the plaintiff. The questions raised by the response were not germane to the subject of the motion, but were in the nature of a plea in avoidance, and made no issue whatever on the ground of the motion as stated in the notice.

The appellant had a right to have his motion sustained, and when that is done, Chorn may, if an execution is issued against him, enjoin it and have the question of his release tried and decided. The overruling of appellant's motion leaves him in a condition where he cannot have his rights decided, except in the informal and irregular manner in which it was done on the trial of the motion. If he had taken out execution on the bond, that would have been an acceptance of it, and Chorn would then have been undoubtedly released; if he had allowed the bond to remain without moving to quash it, Chorn could not have been reached; and he was, therefore, bound to pursue the course he did, or consent to the loss of his debt, unless he could coerce it out of the obligors in the bond.

The response was in the nature of an application for a perpetual injunction against all further attempts to hold Chorn liable on the judgment, which could not, in our opinion, be properly tried in the summary manner in which motions of the nature of that made by Stevens are heard and determined.

We expressly reserve any expression of opinion, whether, on the

facts in the record, Chorn is or is not released; but for the error in overruling the appellant's motion, the judgment is *reversed* and the cause is remanded, with directions to quash the bond.

*J. Simpson, for appellant.   Breckenridge, for appellees.*